In the Matter of the Claim of STEPHEN MURRAY, Respondent, against JOSEPH S. PACKARD et al., Appellants, and SPECIAL FUNDS COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and his insurance carrier from a decision of the Workmen's Compensation Board awarding claimant compensation charged to the insurance carrier. The carrier has appealed on the ground that the claim is one which should be properly charged to the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. On March 31, 1942, claimant suffered an injury to his back in an industrial accident. Compensation was paid to July 28, 1943 when the case was closed. From then until December 22, 1953, claimant lost no time from his employment. On the latter date, while at home, he got a kink in his back and could not straighten up. He was disabled and unable to work for approximately three weeks. On January 21, 1954, claimant applied to have his original claim reopened alleging a recurrence of his back condition. Upon the hearing, claimant testified that he was paid for one week of lost time immediately subsequent to his disability of December 22, 1953. The board reopened the case and found that such payment of wages was equivalent to a compensation payment by the employer within three years of reopening, within the meaning of section 25-a, and excused the Special Fund from responsibility. The employer testified that the payment made to claimant was in accordance with the company's practice of paying one week's full salary in all cases where an employee was at home ill for any reason whatsoever. Claimant testified that he had not been paid any compensation within a three-year period prior to the reopening of his claim and he told of the company's policy to pay one week's full salary to any employee who became unable to work because of illness. The established custom of paying one week's full salary to all employees absent because of disability does not alone furnish justification for the board's finding that such payment constituted a payment of compensation. This is especially true where there has been no new industrial accident. There is testimony that upon claimant's return to work in July, 1943, he was given lighter work and paid full salary and that such arrangement continued until 1953. The Special Fund contends that this is a form of compensation payment sufficient to relieve it from responsibility. The board made no finding of fact concerning any such

arrangement and we may not do so. Decision and award reversed, with costs against respondent, and the matter remitted to the Workmen's Compensation Board. Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ., concur.